UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A., | Case No. CV 17-512-SP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I.

## <u>INTRODUCTION</u>

On January 20, 2017, plaintiff Mary A. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the Administrative Law Judge's step two finding that plaintiff did not have a severe

mental impairment was supported by substantial evidence in light of subsequently submitted evidence. Plaintiff's Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 4-7; *see* Defendant's Memorandum in Support of Answer ("D. Mem.") at 1-2.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the Administrative Law Judge ("ALJ"), the court concludes that, as detailed herein, the ALJ's step two finding was supported by substantial evidence, even taking into consideration the evidence submitted after the hearing. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-eight years old on the alleged disability onset date, completed school through the seventh grade, obtained a GED, and has a cosmetology license. AR at 53, 70, 188. Plaintiff has past work as a make-up artist and cosmetics sales associate. *Id*. at 188.

On June 20, 2013, plaintiff filed an application for a period of disability and DIB, alleging an onset date of September 28, 2012 due to depression, anxiety, fatigue, insomnia, stress, and an inability to focus and concentrate. *Id*. at 70. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id*. at 88-91, 94-101.

On June 15, 2015, plaintiff, represented by counsel, appeared and testified at a hearing. *Id*. at 50-69. The ALJ also heard testimony from Dr. David B. Peterson, a medical expert. *Id*. at 62-68. On June 30, 2015, the ALJ denied plaintiff's claim for benefits. *Id*. at 35-44.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity

since September 28, 2012, the alleged onset date. *Id*. at 37.

At step two, the ALJ found plaintiff suffered from the following impairments: depression and anxiety, not otherwise specified; and a history of polysubstance abuse in full sustained remission. *Id*. The ALJ found that the impairments, whether individually or in combination, were not severe. *Id*. at 38. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*. at 44.

Plaintiff filed a timely request for review of the ALJ's decision and submitted additional medical evidence. *Id.* at 5, 29-30. The Appeals Council found the additional evidence did not provide a basis for changing the ALJ's decision and so denied the request for review. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

### III.

### **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

3

F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends the ALJ's step two finding was not supported by substantial evidence. P. Mem. at 4-7. Specifically, plaintiff argues the three medical source statements submitted to the Appeals Council, and now a part of the administrative record, are substantial evidence that plaintiff has severe mental impairments. *Id*.

At step two, the Commissioner considers the severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii).[1] "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id*. (citation and quotation marks omitted).

Here, the ALJ determined that plaintiff suffered from depression and

---

[1] All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

4

anxiety, not otherwise specified, but neither was severe because plaintiff suffered no episodes of compensation and the impairments only caused mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace. AR at 37-38, 44. In reaching this determination, the ALJ considered all of the evidence, including plaintiff's testimony, the medical records, and the medical opinions. *See id*. at 38-44; *see also* 20 C.F.R. § 404.1527(b) (in determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence). The ALJ discounted plaintiff's credibility on the basis that she had limited treatment in the past year, she was treated conservatively, she improved with medication, she may have left her job for reasons other than her alleged limitations, and her activities of daily living did not suggest any significant functional limitations. *See id*. at 41-42; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (listing factors to consider in a credibility analysis). Moreover, there was evidence plaintiff exaggerated her symptoms and sought treatment for the purpose of obtaining social security disability benefits. *Id*. at 41. Plaintiff does not contest the ALJ's credibility findings.

In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 404.157(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)(1)-(2). Nonetheless, the ALJ is not bound by the opinion of the treating physician and may reject it so as long he or she provides legally sufficient reasons. *Smolen*, 80 F.3d at 1285.

5

The ALJ here looked at the medical evidence and gave significant weight to the opinion of examining physician Dr. Nina Kapitanski, little weight to the opinion of treating physician Dr. Kathryn Ward, and greater weight to the opinion of medical expert Dr. David B. Peterson. AR at 40, 43. The ALJ gave significant weight to the opinion of Dr. Kapitanski, who opined plaintiff had no more than mild limitations, because her opinion was based on an examination, supported by explanations, and consistent with the clinical findings. *Id.* at 40; *see id*. at 377-81. The ALJ gave weight to Dr. Peterson's opinion, that he was unable to assess limitations greater than mild based on the available evidence, because Dr. Peterson reviewed the entire medical record and was familiar with social security disability requirements. *Id*. at 43. Finally, the ALJ rejected Dr. Ward's opinion that plaintiff was "unable to function in any job situation" – which opinion was given on the medical leave forms Dr. Ward completed for plaintiff's employer (*see, e.g., id.* at 297, 308, 325) – because: her opinion contained no specific assessment of severity and limiting effects; her opinion was not consistent with the other evidence in the record including her own treatment notes, which were "utterly devoid of mental status abnormalities"; and Dr. Ward herself suspected plaintiff had ulterior motives for treatment.[2] *See id*. at 40-41, 43.

Plaintiff does not argue the ALJ erred at step two based on the evidence then available to her. Instead, plaintiff contends that the subsequently submitted evidence changes the analysis and the ALJ's step two finding is no longer supported by substantial evidence. *See* P. Mem. at 4-7; *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (court considered both the ALJ's decision and the relevant additional report submitted to the Appeals Council after

---

[2] Dr. Jesse M. Carr also treated plaintiff for at least a year, but did not offer an opinion. *See* AR at 353-63, 389-90. The ALJ concluded that the findings in Dr. Carr's mental status examinations were within normal limits. *Id*. at 41.

6

the hearing). In support of her request for review, plaintiff submitted additional medical records from Kaiser (which do not concern plaintiff's mental impairments) and three medical statements from Dr. Ward. *See* AR at 8-21, 519-642, 645-64. The medical statements from Dr. Ward, all dated July 9, 2015, concern plaintiff's personality disorder, depression, and depression with anxiety. *See id*. at 654-64. In the medical statements, Dr. Ward, with minimal explanation, opines plaintiff had multiple moderate and marked limitations as a result of her mental impairments. *See id*. Plaintiff argues that Dr. Ward's opinion meets the de minimis threshold at step two. P. Mem. at 6. Plaintiff further suggests that Dr. Peterson would have opined plaintiff suffered from more than mild limitations had he reviewed these medical statements. *See id*. at 7. Defendant disagrees and asserts that the medical statements are not retrospective and the ALJ's reasons for discounting Dr. Ward's opinion at the time of the hearing are also applicable to the medical statements. D. Mem. at 1-2.

As an initial matter, it is not a specific and legitimate reason to reject a medical opinion simply because it was made after the relevant period. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988) ("[M]edical reports are inevitably rendered retrospectively and should not be disregarded on that basis."). "'[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition.'" *Taylor v. Comm'r*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citation omitted) (finding that the ALJ must consider medical opinions relevant to the insured period). Here, although Dr. Ward did not specify the period to which the medical statements applied, they were completed only nine days after the ALJ denied plaintiff's claims. It is therefore reasonably inferable that Dr. Ward's opinion applies to at least some portion of the relevant period.

Whether the medical statements are sufficient to establish that plaintiff had

severe mental impairments is a close call. But as defendant notes, the ALJ's same reasons for rejecting Dr. Ward's opinion given in the medical leave forms were equally applicable to the medical statements. The ALJ rejected Dr. Ward's earlier opinion because it lacked a specific assessment of severity and limiting effects, it was not supported by clinical findings in her treatment notes or other evidence in the record, and Dr. Ward suspected plaintiff had ulterior motives for treatment. *See* AR at 41, 43. Although Dr. Ward subsequently opined specific limitations in the medical statements, the statements are checkbox forms with minimal explanation and, as with her earlier opinion, were unsupported by clinical findings. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (evidence of an impairment in the form of "check-off reports" may be rejected for lack of explanation of the bases for their conclusions). The only explanation Dr. Ward provided was in support of her opinion that plaintiff had moderate limitations in social functioning, noting that plaintiff found it difficult to leave home, to be around people, and participate in social activities. *See* AR at 657, 659. But Dr. Ward's treatment notes are bereft of findings or observations to support this opinion. Indeed, other than a few mentions of plaintiff feeling stressed and being tearful, the majority of the treatment notes contain no findings and simply note the length of the session.[3] *See, e.g., id.* at 299, 304-05, 314, 340, 645.

Plaintiff also noted that Dr. Peterson testified that a mental impairment questionnaire would be helpful to assess the severity of the limitations, thereby implying that such a questionnaire would be substantial evidence of severe impairments. *See* P. Mem. at 7. But as plaintiff acknowledges, Dr. Peterson only testified a mental impairment questionnaire "might" be sufficient. AR at 66. Dr.

---

[3] Plaintiff cites to symptoms Dr. Ward reported in an Employment Development Department claim, but these symptoms were not supported by the treatment notes. *See* P. Mem. at 7; AR at 329.

8

Peterson actually testified such a questionnaire would be helpful if it reconciled the lack of clinical findings in the mental status examinations with the MCMI-III test results, which indicated a much more severe diagnoses than the treatment notes and found that plaintiff's responses indicated an inclination to exaggerate. *See id*. at 66, 397, 401. But as discussed above, Dr. Ward offered little explanation in her medical statements, and certainly nothing that would reconcile anything with the lack of clinical findings.

Although the medical statements could be interpreted as evidence of severe mental impairments, the evidence in the record may also reasonably affirm the ALJ's finding. Therefore, this court will not substitute its judgment for the ALJ's. The ALJ's step two finding was supported by substantial evidence.

## V.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 21, 2019

SHERI PYM
United States Magistrate Judge